## 6004.  MATHEWS v. THE STATE.

WADE, J.  1. "It is a general rule that the allegations of fact made in the body of an indictment, in order to constitute an offense, must show that the accused did all of those acts which the statute prescribes shall be a crime if done." *Herring* v. *State*, 114 *Ga*. 96-99 (39 S. E. 866).

(a) The indictment in this case is based on the quarantine law as to cattle (Penal Code, § 582; Civil Code, § 2082). It alleges that the accused, on a day named, "did then and there, unlawfully and with force and arms, move live stock, to wit, one fawn-colored jersey cow and her calf, within a quarantined area on his premises, in violation of the quarantine rules of the commissioner of agriculture of Georgia, to wit, without having said cattle officially inspected and disinfected, and without written permission from an authorized State cattle-inspector, contrary to the laws of said State," etc.  The particular rule or rules violated should have been precisely designated and identified, and should have been set forth in the exact language thereof.

(b) The indictment charges the accused with the commission of a misdemeanor, by reason of the fact that he did "move live stock," describing it, "within a quarantined area on his premises," etc.  Paragraph 6 of Rule No. 3, Bulletin No. 9, Series A of the "revised rules and regulations for the suppression and eradication of infectious and contagious diseases affecting live stock in the State of Georgia," effective on and after March 15, 1914, and promulgated under authority conferred by law in the acts of the General Assembly (No. 472, Laws of 1910), and approved by the commissioner of agriculture of the State of Georgia, provides that the owners or keepers of cattle that have been sufficiently quarantined, etc., "may move cattle from or onto such quarantined premises upon inspection and written permission by a regularly appointed and commissioned cattle inspector."  Neither this nor any other precise provision of the rules or regulations established by the commissioner of agriculture under the provisions of the code, supra, appears to prohibit the movement of live stock "*within*" a quarantined area on the premises of the accused.

2. The court erred in overruling the motion to quash the indictment.

*Judgment reversed.  Broyles, J., not presiding.*

DECIDED MAY 7, 1915.

Indictment for misdemeanor; from Catoosa superior court— Judge Fite.  August 7, 1914.

*Harris & Johnston,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.